**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**EDGARDO GARCIA,**

**Plaintiff,** **Case No.:**

**vs.**

**PUBLIX SUPER MARKETS, INC.,**

**Defendant.**

______________________________________/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Edgardo Garcia, hereinafter referred to as ("Plaintiff"), by and through his undersigned counsel, hereby sues Defendant, Publix Super Markets, Inc., hereinafter referred to as ("Defendant"), and alleges as follows:

## PRELIMINARY STATEMENT

Plaintiff Edgardo Garcia brings this action against his former employer, Publix Super Markets, Inc., for unlawful interference and retaliation in violation of the Family and Medical Leave Act ("FMLA"). Plaintiff suffers from a chronic and progressive lumbar condition for which Defendant had approved intermittent FMLA leave. On May 28, 2026, while performing a lifting task, Plaintiff suffered a flare-up of that condition and had to rest his spine, an event that management witnessed. Rather than treating that medically necessary rest as protected

intermittent FMLA leave, Defendant recharacterized it as an unauthorized "extended break," waited seven days, and then terminated Plaintiff's employment on June 4, 2026, citing an alleged work rule violation. Defendant offered no prior warning, issued no progressive discipline, and disregarded the FMLA certification already on file. This action seeks to redress Defendant's unlawful interference with and retaliation against Plaintiff's exercise of his FMLA rights and to make Plaintiff whole.

## PARTIES

1. Plaintiff Edgardo Garcia is an individual residing in Winter Haven, Polk County, Florida.

2. Defendant Publix Super Markets, Inc. is a corporation that owns and operates distribution and retail operations in the State of Florida, including the distribution warehouse in Lakeland, Florida, where Plaintiff was employed.

3. Defendant is an employer as defined by the Family and Medical Leave Act and employs the required number of employees.

4. At all relevant times, Plaintiff was an eligible employee under the Family and Medical Leave Act, having been employed by Defendant for more than twelve months and for at least 1,250 hours of service during the twelve-month period preceding his leave.

## JURISDICTION AND VENUE

5. Jurisdiction of this Court is invoked pursuant to the Family and Medical Leave Act, 29 U.S.C. § 2601, *et seq.*, and 28 U.S.C. § 1331.

6. Venue lies within the United States District Court for the Middle District of Florida, Tampa Division, because a substantial part of the events giving rise to this claim occurred in this Judicial District and is therefore proper pursuant to 28 U.S.C. § 1391(b).

## GENERAL ALLEGATIONS

7. At all times material, Plaintiff was qualified to perform his job duties within the legitimate expectations of his employer.

8. Plaintiff has been required to retain the undersigned counsel to represent him in this action and is obligated to pay them a reasonable fee for their services.

9. Plaintiff requests a jury trial for all issues so triable.

## FACTUAL ALLEGATIONS

10. Defendant Publix Super Markets, Inc. operates a distribution warehouse in Lakeland, Florida, known as the LV/HV warehouse.

11. Plaintiff was employed by Defendant beginning on or about October 12, 2021, and worked at Defendant's LV/HV warehouse in Lakeland, Florida, as a Floor Selector.

12. At all relevant times, Plaintiff was classified as a full-time employee and worked approximately 36 to 38 hours per week.

13. Plaintiff suffers from a chronic and progressive lumbar condition, described in his medical certification as lumbar subluxation and degeneration. When the condition is aggravated or flares up, Plaintiff requires periodic treatment and time off from work to allow recovery, and he is unable to lift more than 35 pounds.

14. Plaintiff's lumbar condition constitutes a serious health condition within the meaning of the Family and Medical Leave Act.

15. Defendant approved intermittent FMLA leave for Plaintiff's lumbar condition. Plaintiff had intermittent FMLA approved in or about March 2026.

16. Plaintiff's FMLA medical certification, completed by his health care provider at Spinal Solutions in Lakeland, Florida, estimated that Plaintiff's episodes of incapacity would occur approximately two to five times per month and would last approximately 10 to 12 hours per episode.

17. Plaintiff used his intermittent FMLA leave as needed when his lumbar condition became aggravated or flared up. Defendant was aware of Plaintiff's serious health condition and had his FMLA certification on file.

18. On Thursday, May 28, 2026, Plaintiff reported for his shift with back soreness. During the shift, Plaintiff's assignment required him to fill totes with product, zip-tie them, and physically lift the loaded totes onto a conveyor belt.

19. Lifting the heavy totes caused a severe flare-up of Plaintiff's lumbar condition, forcing him to sit down to rest his spine for approximately 30 minutes, during which Plaintiff took an unpaid break. This rest was a medically necessary consequence of the serious health condition for which Defendant had already approved intermittent FMLA leave.

20. Department Head Daniel Suarez witnessed Plaintiff sitting down during the flare-up. Defendant had Plaintiff's FMLA certification for his lumbar condition on file at that time.

21. Neither Suarez nor any other member of management inquired about Plaintiff's condition, offered assistance, or addressed the incident with Plaintiff on May 28, 2026.

22. Plaintiff worked his full scheduled shifts on Friday, May 29; Saturday, May 30; and Sunday, May 31, 2026. Management was present, but no one mentioned the May 28 incident to Plaintiff.

23. Monday, June 1, and Tuesday, June 2, 2026, were Plaintiff's scheduled days off. Plaintiff then worked his entire scheduled shift on

Wednesday, June 3, 2026, and again no member of management mentioned the May 28 incident.

24. On Thursday, June 4, 2026, after Plaintiff had worked for approximately one hour, Department Head Daniel Suarez pulled Plaintiff into an office, accompanied by a second department head who served as a silent witness. Suarez asked Plaintiff whether he remembered May 28. Plaintiff, in shock, responded that he did not remember much other than that his back was not feeling well.

25. Suarez then walked Plaintiff to the office of Superintendent William S. Christie, who informed Plaintiff he was terminated for taking too long of a break on May 28, 2026.

26. Plaintiff was handed a Notice of Discharge completed by Superintendent William S. Christie, dated June 4, 2026, and was escorted out of the facility by Suarez.

27. The Notice of Discharge listed the reason for discharge as "Other" and stated that on May 28, 2026, Plaintiff "was witnessed by a member of management taking an extended break," that he took 37 minutes rather than the allotted 15 minutes, and that this was a violation of Defendant's rule #09 regarding "inefficiency or neglect of work or responsibilities, by wasting time during work hours."

28. The conduct Defendant characterized as an unauthorized "extended break" was in fact a medically necessary period of rest caused by a flare-up of Plaintiff's serious health condition, witnessed by management, for which Defendant had an FMLA certification on file.

29. The Notice of Discharge identified Daniel Suarez, a Department Head, as Plaintiff's "immediate supervisor." Plaintiff had an active direct supervisor at the time, and Suarez was not Plaintiff's immediate supervisor.

30. Plaintiff had never received any performance-related criticism, counseling, warning, or disciplinary action prior to the events described above. Defendant placed Plaintiff on no performance improvement plan at any time prior to his termination.

31. Defendant terminated Plaintiff because Plaintiff exercised, and attempted to exercise, his right to FMLA-protected leave for his serious health condition, and in retaliation for that protected activity.

32. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered lost wages, lost employment benefits including employer-provided health, dental, vision, and retirement benefits, emotional distress, and other compensatory damages.

33. Defendant's conduct was willful, reckless, and in callous disregard of Plaintiff's rights under the Family and Medical Leave Act.

## COUNT I
## FAMILY AND MEDICAL LEAVE ACT – INTERFERENCE

34. Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in paragraphs 1 through 33.

35. At all relevant times, Plaintiff was an eligible employee entitled to the protections of the Family and Medical Leave Act, 29 U.S.C. § 2601, *et seq.*, and Defendant was a covered employer under the Act.

36. Plaintiff had a serious health condition, a chronic and progressive lumbar condition, for which Defendant had approved intermittent FMLA leave.

37. On May 28, 2026, Plaintiff was entitled to intermittent FMLA leave when a flare-up of his serious health condition required him to rest, an event that management witnessed and for which Defendant already had a certification on file.

38. Defendant interfered with, restrained, and denied Plaintiff the exercise of his rights under the Family and Medical Leave Act, 29 U.S.C. § 2615(a)(1), by failing to treat the medically necessary rest caused by his flare-up as protected intermittent FMLA leave, by failing to designate that time as FMLA leave, and instead by recharacterizing it as an unauthorized "extended break" and using it as the basis to terminate his employment.

39. As a direct and proximate result of Defendant's interference with his FMLA rights, Plaintiff has suffered lost wages, lost employment benefits, and

other damages for which Defendant is liable under the Family and Medical Leave Act.

**COUNT II**
**FAMILY AND MEDICAL LEAVE ACT – RETALIATION**

40. Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in paragraphs 1 through 33.

41. Plaintiff engaged in activity protected by the Family and Medical Leave Act, 29 U.S.C. § 2601, *et seq.*, by exercising, and attempting to exercise, his right to intermittent FMLA leave for a serious health condition, including when he was compelled to rest during the flare-up of his lumbar condition on May 28, 2026.

42. Plaintiff suffered an adverse employment action when Defendant terminated his employment effective June 4, 2026.

43. Defendant's decision to terminate Plaintiff was causally connected to Plaintiff's exercise of his FMLA rights. The termination followed within days of the protected flare-up, was based on the very period of medically necessary rest that Defendant witnessed and recharacterized as an "extended break," and was carried out with no legitimate performance-based justification, no prior warning, and no prior disciplinary history.

44. Defendant's stated reason for the termination was false, inconsistent, and pretextual, and was offered to conceal Defendant's true, retaliatory motive.

45. The above-described acts of retaliation constitute a violation of the Family and Medical Leave Act, 29 U.S.C. § 2615(a)(2), for which Defendant is liable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Edgardo Garcia respectfully requests that this Court enter judgment in his favor and against Defendant Publix Super Markets, Inc. as follows:

a. Back pay and all lost benefits from the date of termination;

b. Interest on back pay and lost benefits;

c. Front pay and benefits;

d. Interest on front pay and benefits;

e. Liquidated damages;

f. Reinstatement or front pay in lieu thereof;

g. Reasonable attorney's fees and costs; and

h. Such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all counts and issues triable by jury.

**DATED** this 9th day of November, 2026.

**FLORIN | GRAY**

*/s/Troy E. Longman II*
**Troy E. Longman II**
Florida Bar No.: 1031921
tlongman@floringray.com
**Wolfgang M. Florin, Esquire**
**Florida Bar No. : 907804**
16524 Pointe Village Drive, Suite 100
Lutz, FL 33558
Telephone (727) 220-4000
Facsimile (727) 483-7942
*Attorneys for Plaintiff*